# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**GLENN SCOTT FANNIN,**

        **Plaintiff,**

**-vs-**                                      **Case No. 6:07-cv-1315-Orl-DAB**

**UNITED SPACE ALLIANCE, L.L.C., and
ZARAH P. SHAW,**

        **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **DEFENDANT UNITED SPACE ALLIANCE'S MOTION TO COMPEL RESPONSES TO ITS FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION (Doc. No. 44)**
>
> **FILED:** March 21, 2008
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**. No opposition to the Motion was filed.

Plaintiff is suing Defendants United Space Alliance ("USA") and Zarah P. Shaw for violation of the Uniformed Service Members Employment and Re-employment Rights Act of 1994. Doc. No. 1. On December 19, 2007, USA served Defendant's Discovery Requests (Doc. Nos. 44-2, 44-3) on Plaintiff. Pursuant to Federal Rules of Civil Procedure 33(b)(3) and 34(b), Plaintiff's responses to these discovery requests were due February 20, 2008 (including an agreed extension and time for mailing). No responses were received by the deadline. Plaintiff's counsel apparently promised USA's

counsel that responses would be Federal Expressed to USA's counsel by March 15, 2008, which they were not. As the time USA filed the Motion on March 21, 2008, Plaintiff had failed to serve any responses to Defendant's Discovery Requests. Plaintiff has not filed a response to the Motion to Compel.

Pursuant to Federal Rule of Civil Procedure 37, the Court may impose discovery sanctions, including dismissal, when the party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2).[1] Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process. *Gratton v. Great American Communications*, 178 F.3d 1373, 1374-1375 (11th Cir. 1999) (affirming dismissal of suit for discovery abuse where trial court found that plaintiff bore "substantial responsibility" for the delays in discovery and that the defendants were not at all at fault).

Rule 37(b)(2) provides a range of sanctions that a district court may impose upon parties and their attorneys for failure to comply with the court's discovery orders. It provides that the court, in its discretion, may impose, among others, the following sanctions: (1) the court may order that disputed facts related to the violated order be considered established in accordance with the claim of the party obtaining the sanctions order; (2) the court may prohibit the disobedient party from supporting or opposing certain claims or defenses of the party obtaining the sanctions order; (3) the court may strike any pleadings or any parts of the pleadings of the violating party, stay the proceedings, or even dismiss the action or enter a judgment of default against the violating party; and (4) the court may consider the violation a contempt of court. Fed. R. Civ. P. 37.

---

[1] Rule 41(b) also authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules. *See* Fed. R. Civ. P. 41(b).

However, before the Court may dismiss the action, as DCM seeks, the Court must find two crucial factors are present: (1) Plaintiff has violated a court order to compel; (2) Plaintiff's conduct was flagrant and willful. *United States v. Certain Real Property Located at Route 1, Bryant, Ala.*, 126 F.3d 1314, 1317-18 (11th Cir. 1997) ("We consistently have found Rule 37 sanctions such as dismissal or entry of default judgment to be appropriate, however, only 'where the party's conduct amounts to flagrant disregard and willful disobedience of discovery orders.'"); *Wouters v. Martin County, Fla.*, 9 F.3d 924, 933-934 (11th Cir. 1993) (district courts have broad powers under the rules to impose sanctions for a party's failure to abide by court orders, however, dismissal is justified only in extreme circumstances and as a last resort); *Malautea v. Suzuki Motor Co., Ltd.,* 987 F.2d 1536, 1542 (11th Cir. 1993) (violation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment or dismissal). Eleventh Circuit precedent "clearly dictates that sanctions as draconian" as a dismissal imposed for discovery violations under Rule 37 must be "preceded by an order of the court compelling discovery, the violation of which might authorize such sanctions." *Id*

Plaintiff is **ORDERED** within 11 days of the date of this Order to serve his responses to USA's First Set of Interrogatories (Doc. No. 44-2) and First Request for Production of Documents (Doc. No. 44-3). **PLAINTIFF'S FAILURE TO RESPOND TO THIS DISCOVERY WITHIN 11 DAYS OF THE DATE OF THIS ORDER MAY RESULT IN THE IMPOSITION OF SANCTIONS, INCLUDING DISMISSAL OF HIS CASE.** Plaintiff is further **ORDERED** to pay USA $250.00 as motion costs.

**DONE** and **ORDERED** in Orlando, Florida on April 9, 2008.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties