# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**GLENN SCOTT FANNIN,**

          **Plaintiff,**

**-vs-**                                      **Case No. 6:07-cv-1315-Orl-DAB**

**UNITED SPACE ALLIANCE, L.L.C.,**
**d/b/a: USA, and ZARAH P. SHAW,**

          **Defendants.**

_____

## ORDER

This cause came on for consideration with oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION TO COMPEL DEFENDANTS' DISCOVERY RESPONSES (Doc. No. 76)** |
| **FILED:** | **August 29, 2008** |
| **THEREON** it is **ORDERED** that the motion is **DENIED as moot**. | |
| **MOTION:** | **PLAINTIFF'S MOTION TO COMPEL INSPECTION AND COPYING OF COMPUTER STORAGE DEVICES OR TO COMPEL PRODUCTION OF COMPUTER EQUIPMENT BY DEFENDANTS (Doc. No. 77)** |
| **FILED:** | **August 29, 2008** |
| **THEREON** it is **ORDERED** that the motion is **DENIED as moot**. | |

> **MOTION:** **EMERGENCY MOTION TO STRIKE STATUS REPORT FILED BY PLAINTIFF (Doc. No. 113)**
>
> **FILED:** **November 25, 2008**
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** as unnecessary. The Court understood Plaintiff's improperly titled "Joint" Status Report to be a unilateral version filed by Plaintiff only, in light of the unilateral version filed previously by Defendants. Doc. No. 111. Plaintiff is directed to take care in filing documents to properly indicate in the title whether they are joint or unilateral.

Defendants filed Responses to the Motions to Compel. Doc. Nos. 84, 85, 87. The parties were ordered (Doc. No. 92) to confer and file a joint status report; separate reports were filed (Doc. Nos. 98, 99) which led to a hearing on November 18, 2008, in which the issues were narrowed and the parties were ordered to file a joint status report on the procedure to be used. Doc. No. 109. The parties filed their respective positions in unilateral Status Reports filed on November 24, 2008. Doc. No. 111, 112.

For purposes of the production and examination of email from the hard drives discussed below and as resolution of the discovery disputes referenced above, the Court has reviewed the parties' unilateral Proposed Orders and **ORDERS** as follows:

**A.  Definitions**

(1) "ESI" -- Electronically stored information as contemplated by Federal Rule of Civil Procedure 34(a).
(2) "Forensic Expert" – Forensic Expert shall refer to Andrew Rosen of ASR Data Acquisition & Analysis, LLC upon obtaining the necessary Clearance.
(3) "Clearance" -- The required clearance(s) as described in ¶ N below.
(4) "Designated ESI" -- The imaged hard drive of the computer(s) issued by USA to and used by Zarah P. Shaw, at any time during the Search Period which are still in USA's possession, custody or control, and the imaged hard drives of the computers issued to the Other Designated Custodians within the search period.

 (5) "Forensic Analysis" -- The search for and retrieval of Designated Emails from the Designated ESI, as described in ¶ E below.

 (6) "Designated Search Terms" -- Fannin, Fannie, Fanny, Fanin, Fanni, Fanning, Glenn, Glen, GF, GSF, Lieutenant, LT, Lt, Captain, CAPT, Capt, Colonel, COL, Col, General, GEN, Deputy, Sheriff, DEP, Dep, Manager, MGR, Mgr, "2nd Shift Manager," "Big Giant Head," "Big Head," Skull, BH, BGH, "Smart boy," "Smart ass," "Military man," Officer, "You know who," Aka, "Know it all," "orbiter area safety improvement system," TCOS, Guard, "National guard," "Air guard," "Air national guard," Jacksonville, 911, Snoopy, "Silver snoopy," "performance award," Mild, "Sick office," "Mess with," "High and tight," "crew cut," "Hawaiian shirt." The terms will be searched in both upper case, lower case, and with and without initial capital letters beginning each word.

 (7) "Search Period" -- August 1, 2003 through November 30, 2007 (six months after Plaintiff's last month of employment).

 (8) "Designated Custodians" -- Zarah P. Shaw, J. Michael Sledge, Douglas Duncan, Ralph Shivel, and David Ashwell.

 (9) "Designated Emails" – Emails to, from, or copied to Designated Custodians, containing the Designated Search Terms in any portion of the communication and sent or received during the Search Period. Designated Emails include email attachments, email fragments and other indicia of email usage.

 (10) "Selected ESI" -- Designated Emails the Forensic Expert proposes for re-disclosure to Plaintiff.

**B. Forensic Expert's Consent to Court's Jurisdiction/Venue**

The Forensic Expert shall be required to consent to the jurisdiction of the United States District Court for the Middle District of Florida, Orlando Division, and consent to venue in any action to enforce the Court's order in Orlando, Florida, without regard to the citizenship or residency of the Forensic Expert.

**C. Compensation of Forensic Expert**

The Forensic Expert to be paid by Plaintiff.

**D. ESI to be Provided to Expert**

The Forensic Expert will be provided the Designated ESI by USA for Forensic Analysis. Disclosure to the Forensic Expert as part of the Designated ESI of information that is privileged or otherwise immune from disclosure shall not serve as a waiver of any privilege or immunity.

**E. Forensic Analysis to be Conducted**

The Forensic Expert shall undertake Forensic Analysis of Designated Emails only. No files other than Designated Emails shall be analyzed except the Forensic Expert may perform analyses to locate fragmentary or deleted Emails.

**F.     Disclosure of ESI and Non-Disclosure Limitations**

Forensic Expert is prohibited from disclosure of anything seen/learned from any ESI to which he has been given access except:
(1)     With consent of Defendants;
(2)     Recommendation by Forensic Expert of re-disclosure without any timely objection by Defendants; or
(3)     By Order of the Court.

**G.     Procedures for Re-Disclosure**

(1)     Upon conclusion of Forensic Expert's Forensic Analysis of Designated ESI, Forensic Expert will copy the Selected ESI to a portable hard drive (to be provided by the Forensic Expert). The Selected ESI shall be provided back to USA through its attorneys. Forensic Expert shall configure any review tool used for such limited review and ensure that appropriate measures are taken to prevent the disclosure of Defendants' work product that may be annotated in the review tool.
(2)     The Defendants can consent to the proposed re-disclosure or consent with certain restrictions (e.g., subject to parties' confidentiality stipulation, restrictions on further re-disclosure). Alternatively, Defendants shall have 11 days to serve on the Plaintiff and the Forensic Expert objections to re-disclosure of any such Selected ESI as set forth in ¶ I. Failure of Defendants to timely object to re-disclosure of any Selected ESI, frees the Forensic Expert to provide that Selected ESI to Plaintiff.

**H.     Re-Disclosure to Others Prohibited**

Re-disclosure by the Forensic Expert of any ESI which he is given to other than Defendants' attorneys, the Court, and, in accordance with this Order, to Plaintiff's attorney without written agreement of attorneys for Defendants or Court order is strictly prohibited.

**I.     Objections to Re-Disclosure**

Defendants may object to re-disclosure by Forensic Expert to Plaintiff of Selected ESI based on a privilege related to Selected ESI; Security, Export Controlled, or National Aeronautics and Space Administration Sensitive but Unclassified ("SBU") issues related to Selected ESI; or any other objection available under the Federal Rules of Civil Procedure.

**J.     Resolution of Disputes as to Re-Disclosure**

Should Defendants object to re-disclosure of any of the Selected ESI identified by the Forensic Expert and the Plaintiff disagrees with the objections, the Plaintiff can file

a motion to compel within 11 days of service of Defendants' objections in accordance with the Federal Rules of Civil Procedure. The Court will set forth how to proceed.

**K.  Revocation of Permission to Conduct Forensic Analysis and Court Review**

Should Defendants perceive, at any time, that Forensic Expert has exceeded or attempted to exceed the scope of Forensic Analysis he has been permitted to conduct by this Order, it may file a Motion with the Court.

**L.  Return/Destruction of ESI**

Upon completion by the Forensic Expert of the Forensic Analysis of the ESI provided him, the Forensic Expert shall immediately, but in no case later than three days: (1) either (at USA's discretion) return to USA the provided ESI and all copies, notes, and images of the ESI made by (or at the direction of) the Forensic Expert or destroy (beyond retrieval) the provided ESI, and all copies, notes, and images of the ESI made by (or at the direction of) the Forensic Expert; and (2) certify to the Court, under oath, that the obligations of paragraph H above and this paragraph L have been complied with.

**M.  Breach of Order by Forensic Expert**

The Forensic Expert's breach of the order shall be punishable, in the discretion of the Court, by order of contempt.

**N.  Clearance of Forensic Expert**

(1)  Forensic Expert must be a U.S. Citizen in that some of the ESI which he will be provided will contain Export Controlled and/or NASA Sensitive but Unclassified ("SBU") information and, thus, fall under Export Controlled and/or SBU regulations/procedures.

(2)  In addition, before the Designated ESI will be provided to Forensic Expert, he may be required to undergo/pass a National Agency Check with Written Inquiries (NACI) and/or other governmental check(s) pertinent to the ESI he will be provided, and he shall be required to agree to adhere to any restrictions or requirements imposed by NASA (or other government agency) on the provision of the Designated ESI.

(3)  The Forensic Expert must agree to promptly provide true and correct requested information, and any required authorization for release of information.

(4)  USA agrees to promptly take all reasonable steps and make all reasonable efforts to obtain expeditious granting for such access over which USA has no control.

**DONE** and **ORDERED** in Orlando, Florida on December 1, 2008.

*David A. Baker*

DAVID A. BAKER

UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

-6-